perfectly capable of backing away from the negotiations to contact counsel and to seek counsel's immediate presence and advice.[6] Appellee's own failure to seek further legal counsel at the precise moment he signed the Assignment Agreement cannot constitute a foundation for a successful claim of duress almost six years after the contract was executed.

Furthermore, appellee here should not be able to rescind the contract having reaped the benefits of the consideration agreed to for entering the contract. Appellee was induced to sign the Assignment Agreement not by economic duress caused by appellant but, by the promise of immediate economic gain. By agreeing to the Assignment Agreement, appellee retained the right to receive 50% of the syndication proceeds and a $75,000 advance, was entitled to a share of the management fees, was given a job for himself and his wife, and was provided with rent-free housing. Moreover, in doing so, appellee was able to relinquish of himself the obligations and liabilities attendant to the partnership deal.

■ Accordingly, we reaffirm the rule of law articulated in *Carrier* that a party who has a reasonable opportunity to consult with legal counsel before entering into a contract cannot later invalidate the contract by claiming economic duress. *Simeone v. Simeone,* 525 Pa. 392, 404, 581 A.2d 162, 167 (1990); *Adams v. Adams,* 414 Pa.Super. 634, 639, 607 A.2d 1116, 1119 (1992), *alloc. denied,* 533 Pa. 617, 619 A.2d 699 (1993); *Hamilton v. Hamilton,* 404 Pa.Super. 533, 536, 591 A.2d 720, 720–721 (1991); *Worldwide Auditing Services, Inc. v. Richter,* 402 Pa.Super. 584, 593, 587 A.2d 772, 777 (1991); *see also, Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 911–912 (3d Cir.1985), *cert. denied,* 476 U.S. 1171 (1986) (under Pennsylvania law, federal and state courts have regularly invoked the principle that the opportunity to consult counsel vitiates a claim of economic duress); *Peoples Mortgage Co. v. Federal National Mortgage Association,* 856 F.Supp. 910, 920–921 (E.D.Pa.1994); *Reed v. SmithKline Beckman Corp.,* 569 F.Supp. 672, 675 (E.D.Pa.1983)

(there was no economic duress where plaintiff was represented by counsel in a related criminal proceeding and plaintiff was always free to consult with him or other counsel). We believe appellant aptly captured the essence of the *Carrier* rule when it stated:

[C]ourts have held that potentially coercive uses of economic power by contracting parties should be investigated and addressed, whenever possible, *before* a contract is made.... The opportunity to consult with legal counsel makes such investigation and action possible, hence the *Carrier* rule that a party who has had such an opportunity, but chooses to enter into the contract anyway, cannot later interpose a tardy claim of economic duress.

Reply Brief for Appellant at 6.

Accordingly, we reverse the order of the Superior Court sustaining the trial court's denial of appellant's motion for judgment notwithstanding the verdict and remand this case to the Allegheny County Court of Common Pleas for entry of judgment notwithstanding the verdict in favor of appellant.

MONTEMURO, J., who was sitting by designation, did not participate in the decision of this case.

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Anna ADAMETZ, Appellant.**

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Paul S. ADAMETZ, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 20, 1995.
Decided Jan. 18, 1996.

---

**6.** For example, at the July 9, 1982, meeting, when appellant's representatives began discussing the possibility of buying out appellee's interest in the project, appellee left the meeting and telephoned the his bankruptcy lawyer for assistance. Although his counsel was unavailable, appellee was able to procure his partner's representation.

Paul R. Gettleman, Portersville, for Dorothy Farbo and Dorothy Farbo, Pro Se.

David Tulowitzki, Ebensberg and Christian A. Fisanick, Barnesboro, for the Commonwealth.

Irving M. Green, Kensington, for Anna Adametz.

John W. Peck and Allen P. Powanda, Greensberg, for the Commonwealth.

Nadia L. Vargo * and Stanley J. Wolowski, for Amicus–Police.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

### *ORDER*

PER CURIAM.

### *ORDER*

PER CURIAM.

The appeal is dismissed as having been improvidently granted.

Appeal DISMISSED as having been improvidently granted.

MONTEMURO, J., who was sitting by designation, did not participate in the decision of this case.

■

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Dorothy Rose FARBO, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 19, 1995.
Decided Jan. 18, 1996.

■

**John CHARNEY and Alice Charney, his wife, and John Charney, Jr., their son, and John Charney as parent and natural guardian of Brian Charney, a minor, Appellants,**

v.

**Elaine B. PANITZ, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 19, 1995.
Decided Jan. 18, 1996.

* Application For Leave For Amicus Curiae To    Present Oral Argument filed.